**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FAZLIDDIN NIGMATULLAEV** | **CIVIL ACTION NO. 26-2396** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **SHAD RICE, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Petitioner Fazliddin Nigmatullaev, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondents oppose the petition. [doc. # 9]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Uzbekistan. According to Respondents, "Petitioner crossed into the United States without a valid unexpired visa, reentry permit, border crossing card, or other valid entry document." [doc. # 9, p. 6].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

"DHS placed [Petitioner] in removal proceedings in January 2023 by issuing a Notice to Appear." [doc. # 1, p. 2]. DHS "initiated ordinary civil removal proceedings by notice, not by physical confinement." *Id.* "The NTA alleges that Petitioner is a native and citizen of Uzbekistan and that he was not in possession of valid entry documents. The NTA charges Petitioner under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). The NTA does not charge Petitioner with any criminal ground of removability or inadmissibility." *Id*. at 8.

"ICE detained Petitioner on or about October 27, 2025[.]" [doc. # 1, p. 2]. On January 2, 2026, an immigration judge ordered Petitioner removed to Uzbekistan. [doc. # 9-2, p. 5]. Petitioner appealed to the Board of Immigration Appeals ("BIA"); his appeal is pending. [doc. # 1, p. 9]. The BIA received his brief on June 12, 2026. [doc. # 1-4].

Petitioner filed this proceeding on July 8, 2026. He contends that he "has not received a constitutionally adequate custody hearing at which a neutral decisionmaker considered individualized danger, flight risk, and less restrictive alternatives." [doc. # 1, p. 4]. He states, "The constitutional question is therefore whether Respondents may continue detaining Petitioner after years of ongoing removal proceedings and months of physical confinement, without a neutral, individualized custody determination." *Id.* at 15.

Respondents opposed the petition on August 18, 2026. [doc. # 9]. Petitioner has not filed a reply.

## <u>Law and Analysis</u>

### I. 8 U.S.C. § 1225 Vs. 8 U.S.C. § 1226

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found

not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to a bond hearing. In *Dzheison Ford v. Timothy Ducote, et al*., 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.

In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.

Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.

The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."

Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[2] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. On January 2, 2026, an immigration judge ordered Petitioner removed. Petitioner appealed to the BIA; his appeal is pending. The BIA received his brief on June 12, 2026.

Petitioner's appeal will likely extend his detention until the BIA decides his appeal. Petitioner's detention will likely end (i) when his order of removal becomes final (if the BIA affirms the order of removal or dismisses Petitioner's appeal) and the Government removes him or (ii) if the BIA rules in Petitioner's favor. Accordingly, the Court should deny Petitioner's claim. Petitioner may of course re-file his claim if his detention becomes indefinite or potentially permanent.

## III. *Sosnava Rodriguez*

Petitioner claims that under "*Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26- 50219, 26-50221, slip op. at 36–37 (5th Cir. July 2, 2026)," the Government may not continue to imprison Petitioner in civil immigration detention for months, after years of ordinary removal proceedings in the United States, without any neutral and individualized custody determination." [doc. # 1, p. 3].

---

[2] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

After Petitioner filed his petition, however, the Fifth Circuit vacated the panel opinion in *Rodriguez v. Ortega*. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026). Thus, the Court should deny Petition's claim under *Sosnava Rodriguez*.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Fazliddin Nigmatullaev's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 9th day of September, 2026.

Carol B. Whitehurst
United States Magistrate Judge